UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| JIM HOWE d/b/a Big Jim's Bonding,<br><br>　　　　Plaintiff,<br><br>v.<br><br>AMANDA WORLEY,<br><br>　　　　Defendant. | Case No. 2:21-cv-00006<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

To:　　The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

## REPORT AND RECOMMENDATION

On January 20, 2022, the Court ordered pro se Plaintiff Jim Howe to show cause by February 16, 2022, why the Magistrate Judge should not recommend that this action be dismissed under Federal Rule of Civil Procedure 41(b) for Howe's failure to prosecute his claims. (Doc. No. 30.) The docket reflects that Howe has not responded to the Court's show-cause order or Worley's motion to dismiss. For the reasons that follow, the Magistrate Judge will recommend that the Court dismiss Howe's complaint without prejudice under Rule 41(b) for Howe's failure to prosecute and find Worley's motion to dismiss to be moot.

### I.　　Factual and Procedural Background

Howe initiated this action with the assistance of counsel on February 16, 2021, by filing a complaint challenging the constitutionality of a search of his business, Big Jim's Bonding, and the seizure of property in connection with that search under 42 U.S.C. § 1983. (Doc. No. 1.) On May 17, 2021, the Court entered an agreed scheduling order establishing that "[r]esponses to dispositive motions shall be filed within 28 days after the filing of the motion." (Doc. No. 15, PageID# 97.)

On July 29, 2021, Howe's counsel filed a motion to withdraw from representation (Doc. No. 19), which the Court granted (Doc. No. 20). The Court ordered Howe to file a notice of his representation status (Doc. Nos. 20, 21)—first by August 30, 2021, and then by September 9, 2021, when Howe failed to meet the first deadline—but he did not do so and no counsel entered an appearance on his behalf. On September 22, 2021, the Court entered an order stating that it "assumes that Howe intends to represent himself going forward in this action" and reminded him that all deadlines remain as set in the parties' scheduling order. (Doc. No. 23.)

On October 28, 2021, Worley filed a motion to dismiss Howe's claims against her under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 25.) The Court notified Howe that his response in opposition was due "within 28 days of the service of the motion[,]" "[a]s established by the initial case management order[.]" (Doc. No. 28.) The Court warned Howe "that failure to respond to the motion to dismiss in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules may result in a recommendation that the motion be granted or that the action be dismissed for failure to prosecute." (*Id.*) Howe did not file a response in opposition to Worley's motion to dismiss. He also did not appear for a telephonic case management conference set on January 10, 2022. Instead, Howe sent an email to the Magistrate Judge's courtroom deputy stating that he was "out of the country filming a TV show until Feb[.] 10th." (Doc. No. 30, PageID# 236 n.2)

On January 20, 2022, the Court ordered Howe to show cause by February 16, 2022, why the Magistrate Judge should not recommend that his claims be dismissed under Rule 41(b) for failure to prosecute or for the reasons stated in Worley's motion to dismiss. (Doc. No. 30.) The docket shows that Howe has not responded to the Court's show-cause order or Worley's motion to dismiss.

## II. Legal Standard

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "'substantial discretion'" regarding decisions to dismiss for failure to prosecute. *Id.* (quoting *Knoll*, 176 F.3d at 363).

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591

(6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)); *see also* M.D. Tenn. R. 41.01 (dismissal of inactive cases) (allowing Court to summarily dismiss without prejudice "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party").

**III.    Analysis**

Dismissal of this action is appropriate under Rule 41(b) because the four relevant factors, considered under the "relaxed" standard for dismissals without prejudice, show a record of delay by Howe.

**A.    Bad Faith, Willfulness, or Fault**

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "'display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings.'" *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591)). There is no indication that Howe's failure to respond to Worley's motion to dismiss or the Court's show-cause order was motivated by bad faith. However, because the Court warned Howe that failure to respond to the motion to dismiss or to the show-cause order could result in dismissal, these failures are indicative of willfulness or fault for purposes of Rule 41(b) and therefore "tip[ ] the scale in favor of dismissal on the first factor." *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *see also Daniels v. Napoleon*, Civ. Action No. 14-10609, 2014 WL 6669116, at *3 (E.D. Mich. Nov. 24, 2014) (finding first factor of Rule 41(b) analysis weighed in favor of dismissal where court warned pro se plaintiff "that his case would be dismissed with prejudice if he failed to file a response to

[d]efendants' motion to dismiss or a response to the [c]ourt's [o]rder to [s]how [c]ause"). This factor therefore weighs in favor of dismissal.

### B. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds even minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." *Id.* at 740.

Here, Worley has filed an answer (Doc. No. 11) and a motion to dismiss (Doc. No. 25). Those steps are typical of the early stages of litigation. *See Schafer*, 529 F.3d at 739. There is no indication that Worley has been forced to waste substantial time, money, or effort in pursuit of Howe's cooperation. This factor weighs against dismissal.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 629 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). Here, the Court warned Howe several times that failure to respond to Worley's motion to dismiss or the Court's show-cause order could lead to a recommendation that his claims be dismissed. (Doc. Nos. 28, 30.) This factor supports dismissal.

### D. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here, even though Worley has filed a motion to dismiss. *See Daniels*, 2014 WL 6669116, at *1 (dismissing pro se plaintiff's complaint without prejudice for failure to prosecute and denying defendants' motion to dismiss as moot). Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits . . . ." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "'more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal'" (quoting *Harmon*, 110 F.3d at 367)).

## IV. Recommendation

Considering the above four factors, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Rule 41(b) for Howe's failure to prosecute and that Worley's motion to dismiss (Doc. No. 25) be FOUND MOOT.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided.

*Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 7th day of March, 2022.

ALISTAIR E. NEWBERN
United States Magistrate Judge